248

# LIFECHEM PLEA AGREEMENT



**U.S. Department of Justice**

*245*

*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

January 13, 2000

BY HAND

Jonathan Chiel
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2891

Jeffrey E. Stone
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096

Alan E. Reider, Esq.
Breckinridge L. Willcox
Arent, Fox, Kintner, Plotkin & Kahn
1050 Connecticut Avenue, NW
Washington, D.C. 20036

Harold Damelin
Powers, Pyles, Sutter & Verville
Twelfth Floor
1875 Eye Street, NW
Washington, DC 20006-5409

Re:   LIFECHEM, INC.

Dear Gentlemen:

This letter sets forth the Agreement between the United States Department of Justice and the United States Attorney for the District of Massachusetts (collectively the "United States"), and your client, LIFECHEM, INC., ("LIFECHEM"), a Delaware corporation, (collectively referred to as "the Parties") as follows:

1. <u>Guilty Plea</u>

On or before January 19, 2000, or such other date as the Court may set, LIFECHEM shall waive indictment and plead guilty to Count Two of the Information attached hereto as Exhibit A, which charges LIFECHEM with a conspiracy to defraud the United States and one of its agencies, the Health Care Financing Administration, through the submission of false, fictitious and fraudulent claims to the Medicare Program, in violation of 18 U.S.C. Section 286.

1


2. <u>Sentencing Guidelines</u>

The United States and LIFECHEM agree that the following provisions of the United States Sentencing Guidelines ("U.S.S.G.") apply to sentencing of LIFECHEM with respect to Count Two of the Information:

    (a)    pursuant to U.S.S.G. § 8C2.4(a), the loss to the United States from this offense for criminal sentencing purposes is $22,900,000;

    (b)    pursuant to U.S.S.G. § 8C2.5, the culpability score is 7, calculated as follows:

        (1)    base score of 5 pursuant to § 8C2.5(a);

        (2)    add 4 points pursuant to § 8C2.5(b)(2)(A)(i) and (ii);

        (3)    deduct 2 points pursuant to § 8C2.5(g)(2).

    (c)    pursuant to § 8C2.6, the applicable range for a multiplier is 1.4 to 2.8, and the appropriate multiplier to be applied as to LIFECHEM is 1.6.

    (d)    the Parties agree that there is no basis for a departure under the Sentencing Guidelines, either upward or downward.

3. <u>Agreed Disposition</u>

The United States and LIFECHEM agree pursuant to Fed. R. Crim. P. 11(e)(1)(C) that the following sentence is the appropriate disposition of Count Two of the Information:

    (a)    a criminal fine in the amount of thirty six million six hundred forty thousand dollars, ($36,640,000) to be paid as follows:

        (1)    an amount of eighteen million one hundred five thousand dollars ($18,105,000) shall be paid within 15 days of sentencing;

        (2)    an amount of nine million two hundred sixty seven thousand dollars ($9,267,000) shall be paid on or before April 16, 2001; and

        (3)    an amount of nine million two hundred sixty seven thousand dollars ($9,267,000) shall be paid on or before July 16, 2001.

(b) a mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013, which shall be paid to the Clerk of Court on or before the date of sentencing.

LIFECHEM acknowledges that it is obligated, pursuant to 18 U.S.C. § 3612(f), to pay interest on that portion of the fine which is not paid on or before the fifteenth day after the Court enters judgment in this matter.

In light of the pending civil action, United States ex rel. Jay A. Buford, et al. v. LIFECHEM, Inc., et al., Civil Action No. 95-10742-NG (D. Mass.), and the settlement agreement between LIFECHEM, INC. and others and the United States relating to the civil action which is being signed contemporaneous with this Plea Agreement (the "civil Settlement Agreement"), the parties agree the complication and prolongation of the sentencing process that would result from an attempt to fashion a proper restitution order outweighs the need to provide restitution to the victims in this case, where, as here, the loss suffered by each of the federal health care programs will be recompensed from amounts paid as part of the civil Settlement Agreement. See, 18 U.S.C. § 3663(a)(1)(B)(ii). Therefore, the United States agrees that it will not seek a separate restitution order as to LIFECHEM as part of the resolution of Count Two of the Information.

4. No Further Prosecution of Defendant

The United States agrees that, other than the charge in Count Two of the attached Information, it shall not further prosecute LIFECHEM for conduct which (a) falls within the scope of the conspiracy which is charged in Count Two of the Information; (b) was within the scope of the grand jury investigation conducted by the U.S. Attorney; or (c) was known to the U.S. Attorney prior to the date of execution of this letter.

The U.S. Attorney expressly reserves the right to prosecute any individual, including but not limited to present and former officers, directors, employees and agents of LIFECHEM, in connection with the conduct encompassed by this Plea Agreement or within the scope of the grand jury investigation.

5. Probation Department Not Bound By Agreement

The Parties acknowledge that the disposition agreed upon by the Parties and their calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

6. Fed. R. Crim. P. 11(e)(1)(C) Agreement

LIFECHEM's plea shall be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(C). LIFECHEM cannot withdraw its plea of guilty unless the sentencing judge rejects this Plea Agreement. If the sentencing judge rejects the guilty plea, this Plea Agreement shall be null and

3



void at the option of either the United States or LIFECHEM, except as set forth in Paragraph 8 below. If LIFECHEM's guilty plea is withdrawn on LIFECHEM's motion for any reason, this Plea Agreement shall be null and void at the option of the U.S. Attorney, except as set forth in Paragraph 8 below.

7.  Civil and Administrative Liability

By entering into this Plea Agreement, the United States does not compromise any civil or administrative liability, including but not limited to any False Claims Act or tax liability, which LIFECHEM may have incurred or may incur as a result of its conduct and its plea of guilty to Count Two of the Information.

8.  Waiver of Defenses

In the event that LIFECHEM's guilty plea is not accepted by the Court for whatever reason, or is later withdrawn for whatever reason, LIFECHEM hereby waives, and agrees not to interpose, any defense to any charges brought against it which it might otherwise have under any statute of limitations or the Speedy Trial Act, except any such defense that LIFECHEM may already have for conduct occurring before March 1, 1994, if charges are filed within 90 days of the date on which such guilty plea is rejected or withdrawn.

9.  Breach of Agreement

If the United States Attorney determines that LIFECHEM has failed to comply with any provision of this Plea Agreement, or has committed any crime between the date of this letter and the date of sentencing in this matter, the United States may, at its sole option, be released from its commitments under this Plea Agreement in their entirety by notifying LIFECHEM, through counsel or otherwise, in writing. The United States may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Plea Agreement. LIFECHEM recognizes that no such breach by LIFECHEM of any obligation under this Plea Agreement shall give rise to grounds for withdrawal of its guilty plea. LIFECHEM understands that, should it breach any provision of this Plea Agreement, the United States will have the right to use against LIFECHEM before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by LIFECHEM, and any information, materials, documents or objects which may be provided by it to the government subsequent to this Plea Agreement, without any limitation.

10. Corporate Authorization

LIFECHEM shall provide to the United States and the Court a certified copy of a resolution of the Board of Directors of LIFECHEM, affirming that the Board of Directors has authority to enter into the Plea Agreement and has (1) reviewed the Information in this case and the proposed Plea Agreement; (2) consulted with legal counsel of LIFECHEM's choice in connection with the matter; (3) voted to enter into the proposed Plea Agreement; (4) voted to

4

authorize LIFECHEM to plead guilty to Count Two of the attached Information; and (5) voted to authorize the corporate officer identified below to execute the Plea Agreement and all other documents necessary to carry out the provisions of the Plea Agreement. LIFECHEM agrees that counsel identified below will appear on behalf of LIFECHEM and enter the guilty plea and will also appear for the imposition of sentence.

11. Who Is Bound By Agreement

This Plea Agreement binds LIFECHEM and the United States Department of Justice, including each of its United States Attorney's Offices, and can not and does not bind the Tax Division of the U.S. Department of Justice, the Internal Revenue Service of the U.S. Department of Treasury, or any other federal, state or local prosecutive authority.

12. Complete Agreement

With regard to the disposition of Count Two of the attached Information, this Plea Agreement is the complete and only agreement between the Parties. No promises, representations, agreements or conditions have been entered into other than those set forth in this letter in connection with Count Two. This Plea Agreement supersedes prior understandings, if any, of the parties, whether written or oral in connection with the disposition of Count Two. This Plea Agreement can be modified or supplemented only in a written memorandum signed by the Parties or on the record in court.

If this letter accurately reflects the Agreement entered into between the United States and your client LIFECHEM, INC., please sign the Acknowledgment of Plea Agreement below, provide evidence of the requisite authorization to enter into this Plea Agreement, and return the original of this letter to Assistant U.S. Attorneys Susan G. Winkler and Susan Hanson-Philbrick.

Very truly yours,

By: *[signature]*

MARK W. PEARLSTEIN
Acting United States Attorney
District of Massachusetts

By: *[signature]* (MWP)

JOHN C. KEENEY
Deputy Assistant Attorney General
Criminal Division
Department of Justice

5

## CORPORATE ACKNOWLEDGMENT OF PLEA AGREEMENT

The Directors of LIFECHEM, INC. have read this Plea Agreement and the attached criminal Information, in their entirety, and have discussed this matter with legal counsel of the corporation's choosing, including undersigned counsel. As set forth in the attached resolution, the Board of Directors has authorized me, as an officer of the corporation, to enter into this Plea Agreement on behalf of the corporation. I hereby acknowledge, on behalf of LIFECHEM, INC., that this letter fully sets forth LIFECHEM's agreement with the U.S. Attorney relating to the disposition of Count Two of the attached Information, and that no additional promises or representations have been made to the corporation by any official of the United States in connection with the disposition of that charge. LIFECHEM, Inc. is entering into this Agreement freely, voluntarily and knowingly because it is guilty of the offense set forth in Count Two of the Information and it believes this Plea Agreement is in its best interest.

Dated: 1/18/00

Ben J. Lipps
President, LIFECHEM, INC.

Dated: January 18, 2000

Jonathan Chiel
Choate, Hall & Stewart

Dated: 1/18/00

Alan E. Reider
Arent, Fox, Kintner, Plotkin & Kahn

Dated: 1/18/00

Breckinridge L. Willcox
Arent, Fox, Kintner, Plotkin & Kahn

Dated: January 18, 2000

Jeffrey H. Stone
McDermott, Will & Emery

Dated: 1/18/2000

Harold Damelin
Powers, Pyles, Sutter & Verville

Attorneys for LIFECHEM, INC.

6